**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 16, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2019AP1636**

Cir. Ct. No. 2011CF4807

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

---

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

LAMONT DONNELL SHOLAR,

      DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: REBECCA F. DALLET and STEPHANIE ROTHSTEIN, Judges. *Affirmed*.

Before Donald, P.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Lamont Donnell Sholar, *pro se*, appeals his judgment of conviction for five counts related to sex trafficking and the circuit court order denying his motion for postconviction relief without a hearing. Sholar requested an evidentiary hearing on his claim of ineffective assistance of postconviction counsel for failing to pursue claims of ineffective assistance of trial counsel based on the failure to move to suppress hotel room evidence and failure to investigate a cell phone the alleged victim gave the police. Sholar fails to show that his claims now are clearly stronger than the claims pursued by postconviction counsel; therefore, his claims do not overcome the procedural bar for successive postconviction motions. Accordingly, we affirm.

## BACKGROUND

¶2    Sholar returns to this court for the third time, currently seeking postconviction relief pursuant to WIS. STAT. § 974.06 (2019-20).[1] We recite the essential facts relevant to this appeal, but note that the underlying facts have been recounted in previous appellate decisions.[2] Sholar was charged with five counts related to sex trafficking and one count of second-degree sexual assault. The State alleged that Sholar trafficked a seventeen-year-old girl, E.C., and a twenty-two year-old woman, S.G., in August and September 2011, as well as sexually

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] *See State v. Sholar* (*Sholar III*), 2018 WI 53, ¶¶3-30, 381 Wis. 2d 560, 912 N.W.2d 89.

assaulted S.G. The jury returned guilty verdicts on all counts after a six-day trial in April 2012.[3]

¶3    Sholar filed a motion for postconviction relief pursuant to WIS. STAT. RULE 809.30 in May 2014. Of relevance here, Sholar alleged ineffective assistance of trial counsel for failing to move to suppress the seizure and use of evidence obtained from a hotel room rented to Sholar. Sholar's claims were based on facts within a supplemental police report, which stated that a Milwaukee Police Department detective interviewed E.C. regarding a burglary investigation for which she and Sholar had been arrested; E.C. stated that Sholar had been using her as a prostitute and had advertised her services (as well as other girls and women) on Backpage.com. The detective met with a hotel clerk at an Econolodge hotel who confirmed that E.C. had stayed in hotel room 157, which was rented in Sholar's name using his Wisconsin driver's license. The detective returned to the Econolodge on September 30, 2011, and spoke with the manager of the hotel who stated that police had advised him to secure the contents of hotel room 157 when E.C. did not return on September 28, 2011, the day after her arrest. The detective took custody of bags of property secured from hotel room 157; the property collected included g-string underwear, negligees, high heels, and approximately thirty condoms. Further, the hotel manager consented for the hotel lobby computer to be confiscated and searched to investigate whether the Backpage.com advertisements had been placed from that computer.

---

[3] The Honorable Rebecca F. Dallet conducted Sholar's trial and decided his WIS. STAT. RULE 809.30 postconviction motion; we refer to her as the trial court.

¶4 Sholar's WIS. STAT. RULE 809.30 motion additionally alleged ineffective assistance of counsel for trial counsel failing to object (1) when the State played a recording of an interrogation of Sholar in which he discussed being charged with armed robbery and having been to prison three times, and (2) when a State's analysis of a cell phone E.C. provided to the police, which contained hundreds of text messages that included references to drug dealing and other unrelated illegal activity as well as inadmissible hearsay, was admitted into evidence (as Exhibit 79), and then provided to the jury during deliberations upon the jury's request. Further, he argued that the trial court erred when it denied a motion for a mistrial after the jury heard the interrogation recording.

¶5 In August 2014, the trial court denied Sholar's ineffective assistance of trial counsel claims and concluded that the court acted within its discretion to deny a mistrial. Of relevance here, the trial court concluded that Sholar's argument that trial counsel was ineffective for failing to move to suppress evidence seized from the hotel room failed because trial counsel did bring a pretrial motion regarding the search and seizure of the hotel room—a motion the court denied. The trial court determined that Sholar's argument that trial counsel's failure to focus its Fourth Amendment argument on when law enforcement directed the hotel manager to collect the items, not when the police arrived to collect the items, failed because the trial testimony and police reports clearly established that the police only collected items from the hotel after neither Sholar nor E.C. returned to the hotel by noon on September 28, 2011.

¶6      Sholar appealed the trial court's decision and this court reversed and remanded for a ***Machner***[4] hearing on his claim of ineffective assistance that trial counsel failed to object when Exhibit 79, containing hundreds of potentially prejudicial text messages, was both admitted into evidence and provided to the jury during deliberations. *See **State v. Sholar*** (***Sholar I***), No. 2014AP1945-CR, unpublished slip op. ¶1 (WI App June 30, 2015). However, we concluded that his factual allegations were insufficient to warrant a ***Machner*** hearing on his claim of ineffective assistance for failing to object to the admission of the interrogation recording. ***Id.***, ¶26. Further, Sholar did not appeal the denial of his ineffectiveness claim based on the motion to suppress.

¶7      After the ***Machner*** hearing in November 2015 and posthearing briefing, the circuit court[5] issued an order in April 2016 that vacated Sholar's conviction and sentence for second-degree sexual assault, but denied his request to vacate the five trafficking convictions on the ground of ineffective assistance of counsel. In July 2016, Sholar filed a motion seeking summary reversal of the circuit court's order that he did not meet his burden to show prejudice on the five remaining counts. Sholar argued that this court had already established that he had been prejudiced in ***Sholar I***; therefore, on remand, the circuit court only faced the question of whether counsel performed deficiently.

¶8      In August 2016, this court denied the Sholar's motion for summary reversal; however, we concluded that the matter should be resolved with full

---

[4] *See **State v. Machner***, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

[5] The Honorable Thomas J. McAdams conducted the ***Machner*** hearing and issued the resulting order.

briefing. In June 2017, this court affirmed the circuit court's order denying postconviction relief and affirmed the judgment of conviction of his five sex trafficking convictions. *See State v. Sholar* (*Sholar II*), No. 2016AP897-CR, unpublished slip op. (WI App June 20, 2017). Sholar's petition for review to the Wisconsin Supreme Court was granted; our supreme court affirmed this court's decision. *See State v. Sholar* (*Sholar III*), 2018 WI 53, 381 Wis. 2d 560, 912 N.W.2d 89.

¶9    In July 2019, Sholar, *pro se*, filed the motion for postconviction relief underlying this appeal. Sholar argued that postconviction counsel was ineffective for failing to raise claims of ineffective assistance of trial counsel based on his failure to file a motion to suppress the evidence from Econolodge hotel room 157 and counsel's failure to investigate a cell phone S.G. gave police. In August 2019, the postconviction court[6] denied his motion, holding that his claims were without merit and that his motion did not raise claims that were clearly stronger than the issues raised by postconviction counsel.

¶10    Sholar appeals.

## DISCUSSION

¶11    Sholar argues in his WIS. STAT. § 974.06 motion that postconviction counsel was ineffective for two reasons. First, postconviction counsel abandoned a claim in the *Sholar I* appeal that trial counsel was ineffective for failing to pursue a motion to suppress the evidence seized in Econolodge hotel room 157.

---

[6] The Honorable Stephanie Rothstein denied Sholar's WIS. STAT. § 974.06 motion for postconviction relief.

He asserts that photos of the evidence collected from the hotel room were crucial to the State's case to show that Sholar was running a prostitution operation out of that room. He contends that postconviction counsel ignored evidence that showed Sholar's check-out time from Econolodge hotel room 157 was at 1:21 p.m., not the 12:00 p.m. time alleged in the State's case. Second, he argues postconviction counsel was ineffective for failing to argue that trial counsel was ineffective for failing to impeach S.G. over her claim that Sholar gave her the cell phone that she used to conduct prostitution, a phone she gave the police during the investigation. Sholar contends that the cell phone in question was given to S.G. by his co-actor in September 2011, a month later than he asserts S.G.'s testimony claims Sholar gave her the phone. Additionally, Sholar contends that the postconviction court erred when it denied his motion without a hearing because he alleged sufficient material facts to require a *Machner* hearing on his claims.

¶12 When, as here, a defendant seeks relief under WIS. STAT. § 974.06 following a prior postconviction motion and appeal, the § 974.06 motion must establish a "sufficient reason" for failing to previously raise any issues that could have been raised in the earlier proceedings. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). A claim of ineffective assistance of postconviction counsel may present a "sufficient reason" to overcome the procedural bar. *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996). To establish that postconviction counsel was ineffective, the motion must show that the claims now asserted are clearly stronger than the issues that postconviction counsel chose to pursue. *State v. Romero-Georgana*, 2014 WI 83, ¶¶45-46, 360 Wis. 2d 522, 849 N.W.2d 668.

¶13 A defendant is not automatically entitled to an evidentiary hearing on his or her postconviction motion. *State v. Bentley*, 201 Wis. 2d 303, 310, 548

N.W.2d 50 (1996). The postconviction court must hold an evidentiary hearing only if the defendant alleges "sufficient material facts that, if true, would entitle the defendant to relief," which is a question of law that we review *de novo*. *State v. Allen*, 2004 WI 106, ¶¶9, 14, 274 Wis. 2d 568, 682 N.W.2d 433. To entitle the defendant to a hearing, the motion must "allege the five 'w's' and one 'h'; that is, who, what, where, when, why, and how" as to the defendant's claims. *Id.*, ¶23. If the motion does not set forth sufficient facts or presents only conclusory allegations, or the record establishes conclusively that the defendant is not entitled to relief, the circuit court may grant or deny a hearing at its discretion. *Id.*, ¶9.

¶14 A defendant seeking a hearing on a WIS. STAT. § 974.06 motion must "do more than assert that his [or her] postconviction counsel was ineffective for failing to challenge on direct appeal several acts and omissions of trial counsel that he [or she] alleges constituted ineffective assistance." *State v. Balliette*, 2011 WI 79, ¶¶62-63, 336 Wis. 2d 358, 805 N.W.2d 334. The defendant must allege that postconviction counsel's "'performance was deficient' and 'that the deficient performance prejudiced the defense.'" *See id.* (citation omitted). If the allegations in a postconviction motion fail to establish either prong of an ineffective assistance of counsel claim, we need not address the other prong. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984). A defendant must demonstrate within the four corners of the § 974.06 motion that postconviction counsel was ineffective for not raising specific claims of ineffective assistance of trial counsel. *See Romero-Georgana*, 360 Wis. 2d 522, ¶64 ("We will not read into the § 974.06 motion allegations that are not within the four corners of the motion.").

¶15 Sholar argues he has alleged sufficient material facts to entitle him to a *Machner* hearing on his ineffectiveness of postconviction counsel claim. Sholar

alleges that he presented to postconviction counsel these two claims of ineffective assistance of trial counsel, and that postconviction counsel "either declined to raise the obvious and stronger issues or abandoned them after the postconviction motion was ruled on." Sholar contends that the postconviction court erred when it denied his motion without a hearing. We disagree.

¶16 To successfully plead ineffective assistance of postconviction counsel, Sholar's WIS. STAT. § 974.06 motion needed to do more than point to claims of ineffective assistance of trial counsel that postconviction counsel did not raise. Sholar needed to show that the failure of postconviction counsel to raise those issues fell below an objective standard of reasonableness. He was required to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound ... strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To show that his postconviction counsel performed deficiently, he was required to establish that the claims he believes his postconviction counsel should have raised were clearly stronger than the issues that postconviction counsel pursued. *See Romero-Georgana*, 360 Wis. 2d 522, ¶¶45-46. Additionally, because Sholar's claim of ineffective assistance of postconviction counsel was premised on claims of ineffective assistance of trial counsel, he was also required to establish that his trial counsel's performance was both deficient and prejudicial. *See State v. Ziebart*, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369.

¶17 To repeat, Sholar's postconviction counsel pursued two claims of ineffective assistance of trial counsel in Sholar's direct appeal: (1) counsel's failure to object to the admission of Exhibit 79's collection of potentially prejudicial text messages as well as the entire exhibit being sent to the jury during deliberation; and (2) counsel's failure to object to an interrogation recording being played for the jury. On that appeal, we remanded for a *Machner* hearing, which

ultimately resulted in the dismissal of the conviction for second-degree sexual assault and the Wisconsin Supreme Court affirming the five convictions related to sex trafficking. *Sholar III*, 381 Wis. 2d 560, ¶58. We now evaluate whether Sholar's current claims are clearly stronger than those claims that were presented by postconviction counsel.

¶18 Sholar's first claim in the current postconviction motion was based on trial counsel's failure to move to suppress the evidence seized from Econolodge hotel room 157. He alleged that trial counsel failed to object or otherwise preserve for appeal Sholar's reasonable expectation of privacy to be free from unreasonable searches and seizures of the evidence collected from hotel room 157. He asserted that the hotel receipt showed that Sholar's checkout time at the Econolodge was 1:21 p.m. on September 28, 2011, and not 12:00 p.m. as alleged by the State at trial. He alleged that the property was not abandoned; he had a reasonable expectation of privacy because a family member was going to retrieve his property from hotel room 157 after his arrest on the unrelated burglary charge; the Econolodge abandoned property policy was thirty days; the police did not get a warrant for the search; and because he was detained, there were no exigent circumstances which would support an exception to Fourth Amendment protections. He alleged that the hotel receipt came to light sixteen months after his conviction through postconviction counsel's investigator's actions, but he had informed trial counsel of its existence before trial.

¶19 Sholar argues that these claims were clearly stronger than the claims postconviction counsel did pursue. He contends that postconviction counsel abandoned the suppression motion on direct appeal, and while his appeal was pending, postconviction counsel wrote to him that "it was my decision not yours to not include the suppression issue with regard to the items in the hotel room."

Sholar does not explain why trial counsel would have pursued the suppression motion after the trial court denied the motion and concluded that Sholar did not have a reasonable expectation of privacy in Econolodge hotel room 157 because the police did not collect items from the room until after he and E.C. did not return on September 28, 2011. Sholar's motion does not assert what happened between the 12:00 p.m. time discussed at trial and the 1:21 p.m. time on the receipt, and why the time difference was relevant and material. He argues that the unclear timeline supports his expectation of privacy until his actual check-out, but the receipt he provided was unsigned and does not conclusively establish that he personally checked out of the room. He also does not allege that the hotel staff collected items from Econolodge hotel room 157 at police request before 1:21 p.m. Finally, Sholar does not explain how suppressing the evidence from the hotel room would have altered the outcome of the trial. Therefore, we conclude this claim of ineffective assistance of trial counsel was not clearly stronger than the claims postconviction counsel pursued.

¶20 Sholar's second claim is based on the cell phone S.G. gave to the police. He alleged that had trial counsel properly investigated the cell phone, the investigation would have shown that the cell phone S.G. turned over to the police in September 2011 could not be the cell phone Sholar allegedly provided to her in August 2011. To support this claim, Sholar alleged that S.G.'s testimony established a timeline of S.G. meeting Sholar in July 2011, she began working for Sholar as a prostitute in August 2011, he gave her a phone on or about August 8, 2011, and she turned over a black Kyocera phone to the police on September 30, 2011. Sholar then pointed to a receipt for the purchase of a black Kyocera phone on September 12, 2011, with the purchaser listed as Jonathan Simmons, as well as a Cricket order summary for service on a Kyocera phone with an account name of

Jonathan Simmons.[7]   Sholar alleged that his co-actor, Shawntrell Simmons, admitted to using the alias Jonathan Simmons in a police interview.  He alleged that September 12, 2011, was essential to his defense because it is the date "Jonathan Simmons" bought the phone and the date when S.G. started taking numerous photos used in prostitution-related conduct with the phone.  Finally, Sholar alleged that the phone showed that S.G. worked for Simmons not Sholar.

¶21    Sholar does not explain what impeaching S.G. on the phone's origins would have shown and he does not assert it would have destroyed the credibility of S.G.'s testimony overall.  He claimed that the phone would connect S.G. to Simmons, but he fails to explain how that connection would diminish S.G.'s testimony that Sholar coerced her into prostitution and acted as her pimp.  The record reflects that S.G. referenced receiving a phone from Sholar, but the only testimony presented specifically addressing the black Kyocera phone S.G. gave to the police came from the police detective who analyzed the phone.  The detective testified to his examination of three outgoing text messages on this phone that pertained to the sex trafficking charges.  Sholar does not explain how even a full suppression of testimony about this phone would have altered the outcome of the trial.  The postconviction court concluded that the State could have called a Cricket representative to testify to the ability to transfer a phone number to another phone.  Ultimately, we conclude that a claim of ineffective assistance of trial counsel based on failure to investigate this cell phone is not clearly stronger than the issues raised by postconviction counsel.

---

[7] Although the record reflects that the Cricket order summary, the store receipt, and the police report on receiving the phone all show the same phone number, there is no proof submitted that all three items refer to the same physical phone.

¶22    Sholar alleged that trial counsel's deficiencies had a cumulative effect of prejudice to his defense.  We reject his claim that the cumulative effect of errors established a claim of ineffective assistance of counsel that was clearly stronger than the issues raised in Sholar's direct postconviction motion.  Overall, Sholar only offers conclusory allegations of prejudice from trial counsel's failure to pursue the suppression motion and investigate the cell phone.  The testimonies of S.G. and E.C. would have been overwhelming and sufficient to convict him of the five sex trafficking counts even without evidence from the hotel room and the cell phone.

¶23    Sholar needed to show how he intended to establish deficient performance of both trial and postconviction counsel if he were granted a *Machner* hearing.  *See Balliette*, 336 Wis. 2d 358, ¶68.  Sholar does not explain what testimony or other evidence he would present at a *Machner* hearing that would establish that his trial and postconviction counsel failed to pursue relevant issues or that their choices were not reasonable and strategic.

¶24    We conclude that Sholar's claims of ineffective assistance of postconviction counsel are procedurally barred because they are not clearly stronger than the claims postconviction counsel previously pursued.  There must be "finality in our litigation."  *Escalona-Naranjo*, 185 Wis. 2d at 185.  Accordingly, the postconviction court did not err when it denied his WIS. STAT. § 974.06 postconviction motion without a hearing.

¶25    Additionally, the State argues that Sholar's claim based on the suppression motion is barred because he has already pursued this claim in his WIS. STAT. RULE 809.30 postconviction motion to the trial court.  "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no

matter how artfully the defendant may rephrase the issue." *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991). That claim was denied by the trial court in the first postconviction decision and then was abandoned by postconviction counsel on direct appeal.

¶26 The difference between Sholar's WIS. STAT. RULE 809.30 and WIS. STAT. § 974.06 versions of this claim is the receipt showing that Sholar's check-out time was 1:21 p.m. in the hotel system. However, as noted in the discussion of whether his claim was clearly stronger, Sholar does not allege that anything material happened between 12:00 p.m. and 1:21 p.m. The trial court concluded that the trial testimony and police records supported that "the request to collect the items and the actual collection of items[] happened after Sholar's check-out date and time, and thus Sholar would have had no reasonable expectation of privacy." Therefore, the trial court concluded trial counsel was not ineffective because the court would have also denied a motion to suppress based on the time the evidence was collected at the hotel, not the time law enforcement arrived to pick it up. *See State v. Swinson*, 2003 WI App 45, ¶59, 261 Wis. 2d 633, 660 N.W.2d 12 (counsel not ineffective for failing to make meritless argument).

¶27 We agree with the trial court's analysis and conclude that the change in check-out time does not disturb this analysis. The postconviction court concluded that the time difference was "fribbling" and found that even if a suppression motion had been granted, Sholar made "no showing on how suppression … would have been reasonably probable to alter the result of the trial in any respect whatsoever." Ultimately, we conclude that Sholar's claim based on the suppression motion has been previously litigated and he is therefore barred from raising the claim again.

14

**CONCLUSION**

¶28 For the reasons stated above, we conclude that Sholar's claims of ineffective assistance of counsel in the underlying WIS. STAT. § 974.06 postconviction motion are procedurally barred because they are not clearly stronger than the claims postconviction counsel pursued. Additionally, Sholar's claim of ineffectiveness based on the failure to pursue the motion to suppress is barred because it has been previously litigated and may not be brought again. Accordingly, we conclude that the postconviction court properly denied his postconviction motion without a hearing and we affirm his judgment of conviction.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.